ORIGINAL

# In the United States Court of Federal Claims

No. 16-636C
(Filed August 26, 2016)
NOT FOR PUBLICATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| | \* |
| | \* |
| **KING AYETTEY ZUBAIDAH,** | \* |
| | \* |
| Plaintiff, | \* |
| v. | \* |
| | \* |
| **THE UNITED STATES,** | \* |
| | \* |
| Defendant. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**FILED**

**AUG 2 6 2016**

U.S. COURT OF
FEDERAL CLAIMS

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

Plaintiff, King Ayettey Zubaidah, alleges that defendant's abuse of power and failure to authenticate a land patent entitles him to money damages. The matter before the Court is defendant's motion to dismiss this case pursuant to Rule 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). For the reasons discussed below, defendant's motion is **GRANTED**.

### I. BACKGROUND

On May 27, 2016, Mr. Zubaidah filed a complaint *pro se* requesting that the court "satisfy my claim with Mr. John Kerry and his agents in their personal capacities for not performing their Oath sworn duties as Officers of the Secretary of State." Complaint (Compl.) at 1.[1] Plaintiff requests relief in the amount of

---

[1] In complaints filed in our court, the United States is the only proper defendant. RCFC 10(a); *see also Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) ("the *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). Taking plaintiff's *pro se* status into consideration, the Court broadly construes his complaint to be against the United States and proceeds on that basis.

$30,073.75, based on the government's alleged abuse of power and the Secretary of State's alleged failure to certify a land patent. *Id.*

Plaintiff seeks $20,000.00 as compensation for the alleged abuse of power. *Id.* Included in plaintiff's complaint is a price list he allegedly filed with the Secretary of State of Ohio on May 5, 2016. *Id.* at 12. The document states that he is the beneficiary and notes that the price for "PS001 Abuse of Power" is $20,000.00. *Id.* Plaintiff demands $10,000.00 for the land patent -- which he insured with the United States Postal Service for $10,000.00 when he sent it to Secretary Kerry -- in addition to $35.81 for postage and fees, $12.94 for certified postal fees, and $15.00 for a money order he sent with his land patent.[2] *Id.* at 1.

Plaintiff initially mailed a letter to Secretary Kerry on December 15, 2015, requesting that Secretary Kerry authenticate a land patent. Compl. at 7. In a second letter, dated March 24, 2016, plaintiff again wrote Secretary Kerry requesting authentication of a land patent document. *Id.* at 5. In the letter, plaintiff alleges "Kimberly Reed of the United States Department of the Interior Bureau of Land Management" sent him the land patent. *Id.* He claims he included a copy of the registered mail receipt showing the documents were insured for $10,000.00. *Id.* A copy of this receipt appears on page 3 of the complaint. Plaintiff further alleges that he included a "Product Tracking and Reporting page showing that the Documents were received by your office by an Alicia Jones/STATE FGN 20521." *Id.* at 5. A partially legible printout from the United States Postal Service website appears to show a signature by "Alicia Jones" at an address of "STATE FGN 20521." *Id.* at 4. Plaintiff concludes his March letter by requesting that the patent be authenticated or returned to him. *Id.* at 5.

The complaint does not identify any basis for our court's jurisdiction. But in plaintiff's application to proceed *in forma pauperis*, he cited "Public Law 73-10 Public Policy HJR – 192 of June 5, 1933" under the description of the nature of his action. Application to Proceed *In Forma Pauperis* (June 13, 2016), ECF No. 5.

The government filed a motion to dismiss plaintiff's complaint for lack of subject-matter jurisdiction under RCFC 12(b)(1) and, in the alternative, for failure to state a claim upon which relief may be granted pursuant to RCFC 12(b)(6). Def.'s Mot. Summ. Dismissal (Mot.) at 1. The government first argues that the Joint Resolution of June 5, 1933, which plaintiff cited in his *in forma pauperis* application, cannot be a basis for jurisdiction. *Id.* at 6. That law purported to nullify gold clauses in contracts and required that debts be paid using fiat money. *See* H.R.J. Res. 192, Pub. Res. No. 73-10, 48 Stat. 112 (1933). Defendant discusses a district court opinion which rejected as frivolous the argument that this law made

---

[2] The amounts plaintiff lists in connection with his land patent add to $10,063.75, $10.00 less than calculated by plaintiff.

payment of a filing fee impossible. *Id.* (citing *Obersteller v. Select Portfolio Servicing*, 2007 WL 437790, at *1 (Feb. 6, 2007 S.D. Tex)). That court stated that the argument "has been repeatedly rejected since 1935." *Obersteller*, 2007 WL 437790, at *1 (citing, *inter alia*, *Norman v. Baltimore & O.R. Co.*, 294 U.S. 240, 303–07 (1935)).

The government additionally argues that if plaintiff is trying to invoke Tucker Act jurisdiction on the basis of a contract, "plaintiff must allege all the requisite elements of a contract with the United States." Mot. at 6 (citing *Harbert/Lummus Agrifuels Projects v. United States*, 142 F.3d 1429, 1434 (Fed. Cir. 1998)). Defendant contends that plaintiff has failed to do so and has not even alleged any of the elements required for a contract. Mot. at 7. The government further maintains that plaintiff has failed to establish jurisdiction by identifying a constitutional provision, statute, regulation, or executive order that affords plaintiff a right to monetary relief when violated by the government. *Id.* Second, the government also seeks dismissal of plaintiff's claim under RCFC 12(b)(6) because plaintiff has failed to state a claim upon which relief may be granted. *Id.* at 8.

Mister Zubaidah filed a motion to stay on July 12, 2016.[3] Pl. Mot. Stay, ECF No. 7. Plaintiff argues that a judge's duty is to rule on offers of proof, citing 29 C.F.R. § 102.35, a regulation concerning the duties and powers of administrative law judges. *Id.* at 1. Plaintiff contends that he has offered proof that the government chose not to rebut in its response. *Id.* at 2. Plaintiff further argues that he has "acquiesced [his] claim into [the] jurisdiction" of the court. *Id.*

On July 14, 2016, the government filed a response to plaintiff's motion for a stay. Def.'s Resp. Pl.'s Mot. Stay and Reply (Def.'s Resp.) at 1. Defendant argues that the Court should deny plaintiff's motion because he has not presented any justification for a stay. *Id.* The government notes that the regulation plaintiff cited is not relevant, as this case does not involve an administrative law judge. *Id.* Defendant argues that, to the extent plaintiff's motion is interpreted as a response to the motion to dismiss, it does not remedy the problem of subject-matter jurisdiction. *Id.* at 2. Though plaintiff contends submission of his claims to the court establishes jurisdiction, the government notes that the mere assertion of jurisdiction does not prove jurisdiction. *Id.*

On August 2, 2016, plaintiff filed his response to the Motion to Dismiss. Pl.'s Resp. The Court permitted the response to be filed even though it was untimely. Order (Aug. 2, 2016), ECF No. 9. In his response, plaintiff alleged that venue is proper in this court and listed the type of claims this court is authorized to hear. Pl.'s Resp. at 1. *Id.* The government opted not to file a reply to plaintiff's response.

---

[3] Plaintiff's motion is **DENIED** as it did not provide a justification for a stay.

## II. DISCUSSION

### A. Legal Standard

Under RCFC 12(b)(1), this court must dismiss claims that do not fall within its subject-matter jurisdiction. When considering a motion to dismiss a case for lack of subject-matter jurisdiction, courts will accept as true all factual allegations the non-movant has made and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (requiring that on a motion to dismiss for lack of subject-matter jurisdiction this court views "the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate"); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

While a *pro se* plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside this court's jurisdiction from being dismissed. *See, e.g., Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). The party invoking a court's jurisdiction bears the burden of establishing it and must ultimately do so by a preponderance of the evidence. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

The court considers motions for failure to state a claim upon which relief can be granted under Rule 12(b)(6). RCFC 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When determining whether to grant a Rule 12(b)(6) motion, the court "must accept as true all the factual allegations in the complaint" and make "all reasonable inferences in favor of the non-movant." *Sommers Oil. Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

## B. Analysis

Construing plaintiff's claims liberally, they appear to allege a contract claim, contend that Secretary Kerry violated his oath of office, and request money damages based on the insurance that plaintiff purchased from the Postal Service.[4]

### 1. The Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Contract Claim

Plaintiff's claim, construed broadly, is that by sending his land patent to Secretary Kerry, he entered into a contract with the government for Secretary Kerry to either authenticate his land patent or return it to him. Conceivably, under this theory, the price list he filed with the Secretary of State of Ohio could function as the source of liquidated damages.

Mister Zubaidah, however, has not identified an express written contract he has entered into with the United States government. As a consequence, in order to properly base a cause of action on a contract with the United States government, plaintiff must allege (1) the mutual intent to contract; (2) an exchange of consideration; (3) an unambiguous offer and acceptance; and (4) the actual authority possessed by the government representative who made the contract. *See Lewis v. United States*, 70 F.3d 597, 600 (Fed. Cir. 1995). When a plaintiff fails to substantially allege the existence of an implied-in-fact contract, our court lacks subject-matter jurisdiction over the case. *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1344 (Fed. Cir. 2008). Insubstantial allegations concerning the elements of a contract do not establish a contract claim within our jurisdiction. *See Twp. of Saddle Brook v. United States*, 104 Fed. Cl. 101, 110 (2012) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)).

Plaintiff has failed to substantially allege any of the four elements of an implied-in-fact contract with the government. Accordingly, plaintiff has failed to substantially allege the existence of an express or implied-in-fact contract, and thus our court cannot exercise jurisdiction over the claim as one involving a contract with the government.

---

[4] The Court assumes that plaintiff's reference to Joint Resolution 192 was merely an argument for avoiding the payment of the filing fee, and not an assertion of a jurisdictional basis for Mr. Zubaidah's claim. But if plaintiff intended the latter, the Court finds that Joint Resolution 192 is the polar opposite of a money-mandating statute, and thus cannot provide the basis for our subject-matter jurisdiction.

*2.   The Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Claim That Secretary Kerry Violated His Oath*

When there is no contract between the government and plaintiff, "the Court of Federal Claims has jurisdiction only over those constitutional provisions, statutes, or regulations that by their terms entitle a plaintiff to money." *Moyer v. United States*, 190 F.3d 1314, 1318 (Fed. Cir. 1999).  Plaintiff argues that "Mr. John Kerry and his agents in their personal capacities" failed to perform "their Oath sworn duties as Officers of the Secretary of State" in connection with their failure to authenticate his land patent.  Compl. at 1.

The Secretary of State does not appear to have any role in authenticating land patents.  The Secretary administered land patents from 1796–1812.  National Archives, Records of the Bureau of Land Management, http://www.archives.gov/research/guide-fed-records/groups/049.html#49.1 (last visited August 25, 2016).  The General Land Office Establishment Act, passed in 1812, moved the responsibility to the Department of the Treasury.  2 Stat. 716, 716–17, 12th Cong. (1812).  The Bureau of Land Management, part of the Department of the Interior, took over these responsibilities in 1946.  National Archives, Records of the Bureau of Land Management, http://www.archives.gov/research/guide-fed-records/groups/049.html#49.1 (last visited August 25, 2016).

In any event, plaintiff has not identified any law, regulation, or constitutional provision assigning the responsibility for authenticating land patents to Secretary Kerry or his agents, let alone one which mandates the payment of money for its breach.  Thus, our court lacks jurisdiction over the claim.[5]

*3.   Plaintiff's Purchase of Insurance from the Postal Service Does Not Grant this Court Subject-Matter Jurisdiction*

Plaintiff also seeks a "Declared Full value of $10,000.00 plus total postage & fees of $35.81" and an additional $12.94 in certified postal fees.  Compl. at 1.  The documents plaintiff submitted in support of this claim provide no basis for this payment.  The purpose of postal insurance is to compensate the sender if the mail is lost or damaged in transit.  But the receipts plaintiff submitted show that the document was delivered.  *See id.* at 4.  While the insured value of the document might be relevant to a claim against the Postal Service if the package was lost or destroyed in transit, the Court does not see how it establishes any obligation of the

---

[5] Furthermore, even if plaintiff did send a land patent to the Secretary and the Secretary refused to return it, plaintiff has not alleged, nor has the Court been able to find, any law, regulation, or constitutional provision that gives the court jurisdiction over claims seeking the return of unsolicited documents (or even money orders) sent to the government.

government to pay plaintiff money if the package is successfully delivered.  Plaintiff has not identified a money-mandating provision of law relating to the postal insurance.  Nor has plaintiff alleged any contract with the government formed under these circumstances.  Plaintiff's purchase of postal insurance does not support a finding that the Court has subject-matter jurisdiction over his claim.  Moreover, Mr. Zubaidah has not identified any legal ground for the recovery of the fees paid for the delivery of a package, when the sender is dissatisfied with what the recipient did with the package upon receipt.

While the Court understands plaintiff's frustration that Secretary Kerry's office has apparently failed to return his document and money order, plaintiff must understand that our court can only act pursuant to the jurisdiction granted us by Congress.  Unless all of the elements of a contract are adequately pled, or a money-mandating source of federal law is identified, we have no power to act on a claim.

### III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss this case is **GRANTED** due to the lack of subject-matter jurisdiction.  The Clerk is directed to close this case.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Judge